UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODELL JOHNSON,

                Plaintiff,

v.                                        CASE NO. 2:06-13806
                                        HON. DENISE PAGE HOOD

WAYNE COUNTY, THE DETROIT POLICE DEPT.,
THOMAS JAMES SHANNON, CHARLES W.
ANDERSON, III, RUDOLPH A. SERRA,
DONNA ROBINSON MILHOUSE, JOHN D. O'HAIR,
DAVID A. GRONER, EARL S. WASHINGTON,
JEFFREY S. LESSON, BASSAM HAKIM,
POLICE OFFICER CLARK, RICHARD SEAGRAM,
MARGARET RYNIER, and HARRISON W. MUNSON,

                Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Odell Johnson is a state prisoner currently confined at Camp Lehman in Grayling, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are: Wayne County, Michigan; the Detroit Police Department; state district court judges Thomas James Shannon, Charles W. Anderson, III, Rudolph A. Serra, Donna Robinson Milhouse, John D. O'Hair, and David A. Groner; attorneys Earl S. Washington, Jeffrey S. Lesson, and Harrison W. Munson; police officers Bassam Hakim, Clark, and Richard Seagram; and assistant Wayne County prosecutor Margaret Rynier.

The complaint alleges that, on September 1, 2004, defendant Bassam Hakim arrested

Plaintiff at Plaintiff's hotel room after claiming that he had a search warrant and a warrant for Plaintiff's arrest. Plaintiff allegedly learned at a later time that no formal complaint had been filed, no search warrant was ever issued, and the arrest warrant was issued after Plaintiff was held in custody overnight. Plaintiff was convicted of felony firearm, felon in possession of a firearm, and carrying a concealed weapon. He claims that the police used improper procedures, that he was the victim of an illegal search and seizure, and that he was arrested for a crime he did not commit. He also alleges that there was insufficient evidence to support his convictions, that he received ineffective assistance of trial and appellate counsel, and that there was no basis for the state court's actions. Plaintiff would like this Court to "do something about this situation," to "fix the problem and give [him] a chance," and to grant him relief from judgment.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915 (e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie* case under § 1983, a plaintiff must prove that the defendants

2

acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ridar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

### A. The Challenge to Plaintiff's Convictions

The pending complaint lacks an arguable basis in law and fails to state a claim because it challenges Plaintiff's state convictions. A civil rights action is not the proper remedy for making a constitutional challenge to the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). To the extent that Plaintiff is seeking money damages, he has no right to such relief unless the decision to hold him in custody was invalidated by state officials or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* and other Supreme Courts cases, when "taken together, indicate that a state prisoner's 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success of that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The Court recognizes that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck v. Humphrey*, 512 U.S. 487 n.7. "[S]uch a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* (emphasis in original). However, to recover compensatory damages, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which . . . does *not* encompass the 'injury' of

being convicted and imprisoned (until his conviction has been overturned)." *Id*. (internal citation omitted) (emphasis in original).

The injuries alleged here are Plaintiff's convictions, which have not been overturned. Because success in this action would undermine Plaintiff's convictions and demonstrate the invalidity of his present confinement, he has no right to relief under § 1983.

### B.  Judicial and Prosecutorial Immunity

Plaintiff's claims are barred for additional reasons.  The defendants who are state court judges enjoy absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991).  Judges Shannon, Anderson, Serra, Milhouse, O'Hair, and Groner were acting in their judicial capacities when presiding over Plaintiff's case, and Plaintiff has failed to show that the judges lacked jurisdiction.  Although judges are not immune from prospective injunctive relief, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Court has no power to grant Plaintiff relief from his criminal judgment, absent prior invalidation.  *Wilkinson v. Dotson*, 544 U.S. at 81-82; *Preiser v. Rodriguez*, 411 U.S. at 499.  Thus, Plaintiff has no cause of action against Judges Shannon, Anderson, Serra, Milhouse, O'Hair, and Groner.

Prosecutors also enjoy immunity from damages liability.  The key to analyzing prosecutorial immunity is determining whether the act in question was performed in the prosecutor's role as an advocate for the state.  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).  "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Exhibits to the complaint indicate that defendant Margaret Rynier was one of the prosecuting attorneys in Plaintiff's criminal case. As such, she was acting as an advocate for the state. The doctrine of absolute immunity applies to her because her conduct was "intimately associated with the judicial phase of the criminal process." *Id*. at 430.

### C.  Wayne County, the Detroit Police Department, and Defense Counsel

The ineffectiveness claims directed at attorneys Earl S. Washington, Jeffrey S. Lesson and Harrison W. Munson fail to state a claim because neither public defenders, nor private attorneys appointed by the court, act under color of state law when performing traditional functions as counsel for a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Thus, Plaintiff has failed to satisfy an essential element of a § 1983 case, namely, that defendants Washington, Lesson, and Munson acted under color of state law. *Block v. Ridar*, 156 F.3d at 677.

Plaintiff has not made any allegations against Wayne County or the Detroit Police Department. This omission leads the Court to believe that Plaintiff is suing those defendants under a *respondeat superior* theory of liability. "*Respondeat superior* or vicarious liability will not attach under § 1983." *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-95 (1978)).

### III.  Conclusion

For all the foregoing reasons, Plaintiff's claims lack an arguable basis in law, fail to state a claim, and seek relief from defendants who are immune from damages liability. Accordingly, the complaint is summarily DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

5

An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

            s/ DENISE PAGE HOOD
            DENISE PAGE HOOD
            UNITED STATES DISTRICT JUDGE

Date: October 30, 2006

  I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2006, by electronic and/or ordinary mail.

            S/William F. Lewis
            Case Manager